# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN HAGEN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:17-cv-02245-JAR-GLR |
| | ) |
| SWAN'S WATER GARDENS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff John Hagen filed this action alleging retaliatory discharge in violation of Kansas public policy by Defendant Swan's Water Gardens, Inc. Plaintiff originally filed in Kansas district court,[1] but the parties agreed in March 2017 to voluntarily dismiss that action. Plaintiff then filed this action in federal court on April 26, 2017, alleging the same claim.[2] This matter comes before the Court on Defendant's Motion for Order that Plaintiff Pay Costs of Previous Action and for Stay (Doc. 6). Defendant argues that under Fed. R. Civ. P. 41(d), the Court should order Plaintiff to pay costs associated with four depositions taken as part of the state court action because Plaintiff sought to gain a tactical advantage by refiling the present action in federal court. Plaintiff argues in its Response that it is not liable for these costs because Defendant has not shown it was prejudiced by them and because Plaintiff did not seek any tactical advantage by refiling its case in federal court.

Rule 41(d) states that a court "may order the plaintiff to pay all or part of the costs of [a] previous action" if the "plaintiff who previously dismissed [the] action in any court files an

---

[1] Doc. 7, Ex. 1.

[2] Doc. 1 at 5.

action based on or including the same claim against the same defendant."[3] The Court has determined that the three most important factors in determining whether it should order a plaintiff to pay costs are: (1) whether the plaintiff dismissed the previous action and then refiled the same or a similar action with "vexatious intent";[4] (2) whether the plaintiff's action prejudices the defendant because work done in the first action will not be useful in the second action;[5] and (3) whether the plaintiff can afford to pay any costs imposed.[6] The Court has further determined that the defendant has the burden to show factor (2),[7] and the plaintiff has the burden to show factor (3).[8]

Courts appear to disagree as to which party has the burden to show factor (1), vexatious intent.[9] But this Court is inclined to place the burden on the plaintiff to show that it did *not* refile vexatiously, given that the purpose of Rule 41(d) is to protect defendants against vexatious

---

[3] Fed. R. Civ. P. 41(d).

[4] *See Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991) (describing vexatious intent as the most important factor in that court's analysis).

[5] *Oteng v. Gold Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006); *see also Gonzales v. City of Topeka*, 206 F.R.D. 280, 283–84 (D. Kan. 2001) (applying the same prejudice rationale for awarding costs under Federal Rule of Civil Procedure 41(a)(2)).

[6] *See Oteng*, 615 F. Supp. 2d at 1242 (considering plaintiffs' argument that they were financially unable to pay costs); *Sewell*, 137 F.R.D. at 29 (weighing plaintiff's contention that she was "financially destitute" against granting defendant's motion).

[7] *See Cardozo v. Home Depot U.S.A., Inc.*, No. 10-2011-JWL, 2010 WL 2774137, at *7 (D. Kan. July 13, 2010) (faulting defendant for failing to show that state and federal court rules differed such that discovery costs were wasted); *see also Gonzales*, 206 F.R.D. at 283–84 (noting in the context of a Rule 41(a)(2) motion that defendants had made "no meaningful attempt" to show what costs would not be useful in the second action).

[8] *See Oteng*, 615 F. Supp. 2d at 1242 (noting that plaintiffs had not substantiated their argument that they could not afford to pay costs).

[9] *Compare Cardozo*, 2010 WL 2774137, at *7 n.5 (concluding that defendant failed to show that plaintiff acted vexatiously), *and Wahl v. City of Wichita*, 701 F. Supp. 1530, 1533 (D. Kan. 1988) (noting that there had been "no showing that plaintiffs' filing of suit . . . was motivated by vexatious intent"), *with Contra Reid v. I.C. Sys. Inc.*, 304 F.R.D. 253, 255 (D. Ariz. 2014) ("[T]he Plaintiff bears the burden to show a 'persuasive explanation' for its course of the litigation . . . .") (quoting *Senah, Inc. v. Xi'an Forstar S & T Co.*, 13–CV–04254–BLF, 2014 WL 3058292 (N.D. Cal. July 3, 2014)), *and Oteng*, 615 F. Supp. 2d at 1241 ("Plaintiffs do not show that they had any persuasive justification or good reason for voluntarily dismissing the first action, then filing a nearly identical second action.").

suits.[10] It makes sense to give defendants the benefit of the doubt as to a rule primarily meant to protect them, especially when it may be difficult for defendants to discern plaintiffs' motives in voluntarily dismissing cases and then refiling them.

Unfortunately, the parties' briefing does little to help the Court decide this motion. As to factor (1), for instance, Plaintiff alludes to "financial hardship" as possibly influencing his decision to dismiss the state court action, but provides no evidentiary support.[11] As to factor (2), Defendant notes that this Court has not determined whether discovery in the state court action can be used in this case.[12] But Defendant has the burden to show that the costs it seeks is for work in the first action that will not be useful in this action, and Defendant does not explain why the depositions of four key witnesses in the previous action will not be useful in a federal action on the same claim. As to factor (3), Plaintiff states that he is a part-time college student and financially incapable of paying costs, but he provides no evidence substantiating his financial situation.[13] The Court thus requires further briefing by both parties to properly decide this motion.

Therefore, the Court directs Defendant to submit a supplemental brief limited to the following issue:

(1) Show cause for why the costs incurred in the previous state court action for the four depositions at issue will not be useful in the present action.

The Court further directs Plaintiff to submit his own supplemental brief limited to the following issues:

---

[10] *See Wahl*, 701 F. Supp. at 1533 ("The object of the rule is to prevent vexatious suits and secure the payment of costs.").

[11] Doc. 8 at 2.

[12] Doc. 10 at 2.

[13] Doc. 8 at 3.

(1) Show cause for why Plaintiff had no vexatious intent in voluntarily dismissing his state court action and then refiling the same action in federal court.

(2) Show cause for why Plaintiff would be unable to pay any costs imposed.

Each party will then have an opportunity to respond to the other's brief.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties are directed to file supplemental briefs addressing the issues described above by no later than October 16, 2017. The supplemental briefs shall not exceed five (5) pages each. The parties may then respond to each other's briefs by no later than October 23, 2017. The supplemental responses shall not exceed three (3) pages each.

**IT IS SO ORDERED.**

Dated: October 2, 2017

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE