# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHN HAGEN,**

    **Plaintiff,**

    v.

**SWAN'S WATER GARDENS, INC.,**

    **Defendant.**

Case No. 17-CV-2245-JAR-GLR

## MEMORANDUM AND ORDER

Plaintiff John Hagen filed this action alleging retaliatory discharge in violation of Kansas public policy by Defendant Swan's Water Gardens, Inc. This matter comes before the Court on Defendant's Motion for Order that Plaintiff Pay Costs of Previous Action and for Stay (Doc. 6). Defendant argues that under Fed. R. Civ. P. 41(d), the Court should order Plaintiff to pay costs associated with four depositions taken as part of the previous state court action because Plaintiff sought to gain a tactical advantage by refiling the present action in federal court. After reviewing the parties' original filings, the Court directed the parties to submit supplemental briefing on several issues relevant to Defendant's motion. The matter is now fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies Defendant's motion for costs without prejudice.

Rule 41(d) states that a court "may order the plaintiff to pay all or part of the costs of [a] previous action" if the "plaintiff who previously dismissed [the] action in any court files an action based on or including the same claim against the same defendant."[1] Courts have broad

---

[1] Fed. R. Civ. P. 41(d).

discretion in determining whether to award costs under Rule 41(d).[2]  The following three factors are key in determining whether to grant a motion for costs under Rule 41(d): (1) whether the plaintiff has "vexatious intent" in dismissing and then refiling the action; (2) whether the work that generated the costs in the previous action will be useful in the present action; and (3) whether the plaintiff can afford to pay any costs imposed.[3]

I.      Usefulness of Work from Previous Action

As the Court previously noted, Defendant bears the burden of showing that the work done in the previous action will not be useful in the present litigation.[4]  In its Supplemental Brief, Defendant states that it does not yet know whether the work from the previous action will be useful because Plaintiff has not stipulated to allowing the previous depositions, and because the Court has not determined whether those depositions will be admissible.[5]  Plaintiff responds, however, that he does not intend to re-depose Defendant's witnesses.[6]  And the Court finds no reason at this time why it would not admit the depositions from the state court action.

Defendant also states that it will have to re-depose Plaintiff on damages to prepare for a later trial date.[7]  But Rule 41(d) is limited to repayment of costs incurred in the previous action and no longer useful in the present one.[8]  The rule is therefore directed to costs incurred before dismissal of the previous action.  Defendant is describing new discovery that could not have been

---

[2] *See, e.g.*, *Wahl v. City of Wichita*, 701 F. Supp. 1530, 1533 (D. Kan. 1988) ("Rule 41(d) is intended to confer broad discretion upon federal courts.").

[3] *Sewall v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991); *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009).

[4] Doc. 11 at 2–3.

[5] Doc. 14 at 1.

[6] Doc. 17 at 1.

[7] Doc. 14 at 2 (citing *Cardozo v. Home Depot U.S.A., Inc.*, No. 10-2011-JWL, 2010 WL 2774137, at *7 (D. Kan. July 13, 2010)).

[8] *See* Fed. R. Civ. P. 41(d) (stating that the court "may order the plaintiff to pay all or part of the costs *of [the] previous action*") (emphasis added).

obtained prior to dismissal of the previous action, so costs associated with that discovery fall outside the scope of Rule 41(d). Defendant has not met its burden to show that the work from the previous action will not be useful in the present litigation. The Court therefore denies Defendant's motion without prejudice.

## II.     Plaintiff's Ability to Pay Costs

Plaintiff bears the burden to show he cannot afford any costs imposed.[9] In his supplemental brief, Plaintiff provides documentary evidence of his current monthly earnings from part-time employment.[10] Plaintiff's evidence shows that the costs Defendant seeks would impose a substantial financial burden on him. In its response, Defendant alleges that Plaintiff is now capable of full-time employment because he has graduated from college.[11] But it is not the Court's place to determine whether Plaintiff should seek full-time employment. Plaintiff's documentary evidence shows that under his present circumstances, he would suffer financial hardship if ordered to pay the costs at issue. Therefore, the Court is satisfied by Plaintiff's showing that he cannot presently afford the costs Defendant seeks.

## III.    Vexatious Intent

Although it denies Defendant's motion, the Court notes that Plaintiff has not satisfied his burden to show no vexatious intent because he still has not satisfactorily explained his reasons for dismissing his state court action and refiling in federal court. Plaintiff explains that he was experiencing financial hardship, so he voluntarily dismissed his state court action in an effort to

---

[9] *See Cardozo v. Home Depot U.S.A., Inc.*, No. 10-2011-JWL, 2010 WL 2774137, at *7 (D. Kan. July 13, 2010) (faulting defendant for failing to show that state and federal court rules differed such that discovery costs were wasted); *see also Gonzales*, 206 F.R.D. at 283–84 (noting in the context of a Rule 41(a)(2) motion that defendants had made "no meaningful attempt" to show what work would not be useful in the second action).

[10] Doc. 15, Ex. 2.

[11] Doc. 16 at 3.

continue negotiating a settlement.[12]  But he does not explain why, if he wished to negotiate, he has apparently not communicated with Defendant's counsel about settlement since dismissing the state court action.[13]  Furthermore, Plaintiff cannot justify his argument that he anticipated removal to federal court.  As Defendant notes, 28 U.S.C. § 1441(b)(2) prohibits removal by defendants of diversity cases where the defendants are citizens of the state in which the first action is filed.

After weighing vexatious intent with the other two factors, the Court denies Defendant's motion.  But because Plaintiff has failed to show he did not have vexatious intent, the Court denies the motion without prejudice.  Defendant may file a renewed motion should circumstances change such that work done in the previous state court action is no longer useful in the present case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Order that Plaintiff Pay Costs of Previous Action and for Stay (Doc. 6) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: December 20, 2017

              S/ Julie A. Robinson
              JULIE A. ROBINSON
              CHIEF UNITED STATES DISTRICT JUDGE

---

[12] Doc. 15 at 1–2.

[13] Doc. 16 at 1.